UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No._____ |
| HOME FEDERAL BANK, CREATIVE CONCEPTS AND DEVELOPMENT, LLC, and BANCINSURE, INC., | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, SECURITY NATIONAL INSURANCE COMPANY ("Security National"), by and through its counsel, and for its Compliant for Declaratory Judgment states as follows:

**THE PARTIES**

1. Security National is, and at all times relevant hereto was, an insurance corporation organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas.

2. Defendant HOME FEDERAL BANK ("Home Federal") is, and at all times relevant hereto was, a bank with approximately twenty-three branches located in Knox, Anderson, Blount and Sevier Counties in Tennessee. Based upon further information and belief, Home Federal Bank Corporation is, and at all times relevant hereto was, a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Middlesboro, Kentucky.

1

3. Defendant CREATIVE CONCEPTS & DEVELOPMENT, LLC ("Creative Concepts"), based upon information and belief is, and at all times relevant hereto was, a Limited Liability Company organized and existing under the laws of the State of Tennessee with its principal place of business in Knoxville, Tennessee. Creative Concepts is joined in this action for the purpose of binding Creative Concepts to the judgment of this Court.

4. Defendant BANCINSURE, INC. ("BancInsure") is, and at all times relevant hereto was, an insurance corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, Oklahoma. BancInsure is joined in this action for the purpose of binding BancInsure to the judgment of this Court.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because this matter is an action between citizens of different States and, because this matter involves a request for a declaration of rights with respect to an potential liability insurance coverage for an underlying claim allegedly valued at $1.1 million, the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

6. This Court has general personal jurisdiction over Defendant Home Federal because Home Federal, through the maintenance of bank branches at approximately twenty three locations in four counties within the State of Tennessee, has established the requisite continuous and systematic business contacts with the State of Tennessee.

7. This Court has general personal jurisdiction over Defendant Creative Concepts because Defendant Creative Concepts is a Tennessee Limited Liability Company and, thus is considered to be a citizen of Tennessee.

8. This Court has, at a minimum, specific personal jurisdiction over Defendant BancInsure because, by underwriting an insurance risk located within the State of Tennessee and issuing a policy of insurance to Home Federal which has approximately twenty-three branches in four counties in Tennessee, BancInsure has established minimum contacts with the State of Tennessee and has purposefully availed itself of the protections of Tennessee law.

9. An actual controversy exists between Security National and all named Defendants and, thus, this Court may declare the rights and other legal relations of the parties herein pursuant to 28 U.S.C. §2201(a).

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint for Declaratory Judgment occurred within the Eastern District of Tennessee.

## BACKGROUND

11. Based upon information and belief, on February 2, 2007, Home Federal made a loan to Creative Concepts in the original amount of $1.5 million.

12. Based upon further information and belief, on May 16, 2008, Home Federal made an additional loan to Creative Concepts in the amount of $600,000.

13. Based upon further information and belief, the subject loans were secured in part by Deeds of Trust from Fultz Holdings, LLC (a Tennessee Limited Liability Company) to Home Federal, as well as the personal guaranty of Patrick M. Fultz.

14. Based upon further information and belief, in making the aforementioned loans Home Federal relied upon Personal Financial Statements which showed a personal net worth of Patrick M. Fultz in excess of $4.9 million as of February 12, 2008.

15. On or about August 31, 2009, BancInsure issued to Home Federal a Financial Institution Bond No. FIB 0010768 (the "BancInsure Bond") with effective dates of August 31, 2099 to August 31, 2012. Also on or about August 31, 2009, BancInsure issued an "Extended Professional Liability Policy No. PLI 0011549 (the "BancInsure PLI Policy") to Home Federal with effective dates of August 31, 2009 to August 31, 2012.

16. On February 23, 2011, Home Federal filed a Complaint in the Chancery Court for Knox County, Tennessee against Creative Concepts and Patrick M. Fultz. A copy of Home Federal's Complaint is attached as Exhibit A. The resulting lawsuit, hereinafter the "Underlying Action," was assigned Case No. 179806-3 by the Clerk of the Knox County Chancery Court.

17. Home Federal's Complaint filed in the Underlying Action alleges that Creative Concepts is indebted to Home Federal pursuant to the terms of promissory notes dated February 2, 2007 and May 16, 2008, and that Creative Concepts is in "default" under the terms of both Notes. *See* Exhibit A, ¶¶ 4 and 6.

18. Home Federal's Complaint filed in the Underlying Action requests that the Chancery Court award Home Federal a judgment in excess of $1.4 million pursuant to the terms of the 2007 Note and in excess of $450,000 under the 2008 Note, plus additional interest, attorney's fees, expenses and costs of collection. *See* Exhibit A.

19. On August 24, 2011, Home Federal notified BancInsure of the facts, circumstances and the situation giving rise to the Underlying Action. This notice came in the form of an e-mail from Home Federal's Treasurer/Enterprise Risk Officer, John D. Moore.

20. On August 25, 2011, BancInsure acknowledged "receipt" of Home Federal's "potential claim." A copy of BancInsure's August 25, 2011 letter is attached as Exhibit B.

21. On August 29, 2011 Home Federal submitted a "Proof of Loss" to BancInsure setting forth the facts, circumstances and the situation which gave rise to the Underlying Action. A copy of Home Federal's Proof of Loss is attached as Exhibit C.

22. On December 19, 2011, BancInsure disclaimed coverage under its Financial Institution Bond issued to Home Federal. A Copy of BancInsure's December 19, 2011 disclaimer letter is attached as Exhibit D.

23. The BancInsure Bond and the BancInsure PLI Policy were cancelled effective March 16, 2012. A copy of the Cancellation Confirmation is attached as Exhibit E.

24. On July 13, 2012, Creative Concepts sought leave of the Knox County Chancery Court to file a Counter-Complaint against Home Federal in the Underlying Action. Based upon information and belief, the Chancery Court of Knox County granted leave for Creative Concepts to file its Counter-Complaint. A copy of the Counter-Complaint is attached hereto as Exhibit F.

25. The Counter-Complaint filed against Home Federal in the Underlying Action requests a judgment in favor of Creative Concepts in the amount of $1.1 million. *See* Exhibit F.

26. Based upon information and belief, between July 13, 2012 and August 23, 2012, Home Federal notified BancInsure of the Counter-Complaint filed in the Underlying Action.

27. On August 23, 2012, BancInsure disclaimed coverage under the BancInsure PLI Policy for the Counter-Complaint filed in connection with the Underlying Action. A copy of BancInsure's Counsel's August 23, 2012 disclaimer letter is attached as Exhibit G.

**THE SECURITY NATIONAL POLICY**

28. On March 16, 2012, Security National issued a Directors and Officers Liability Insurance Policy to Home Federal under No. SDO 1102110 00 (the "Security National D&O Policy"). A copy of the Security National Policy is attached as Exhibit H.

5

29. The Insuring Agreement of the Security National Policy provides, in relevant part, as follows:

**SECTION I. INSURING AGREEMENTS**

…

**Company Lender Liability**

D. The Insurer will pay on behalf of the **company**, **loss** that is the result of a **claim** for a **lending wrongful act** first made during the **policy period** or during the Extended Reporting Period, if exercised.

*See* Exhibit H.

30. The Security National Policy further provides, in relevant part, as follows:

**SECTION IV. EXCLUSIONS**

A. The Insurer shall not be liability to make any payment for **loss** in connection with any **claim** based upon, arising out of, relating to, in consequence of, or in any way involving:

…

11. a. any **wrongful act** or any fact, circumstance or situation that has been the subject of notice under any policy of insurance in effect prior to the effective date of this policy, or

b. any other **wrongful act**, whether occurring, which together with a **wrongful act** that has been the subject of such notice would constitute **interrelated wrongful acts**.

*See* Exhibit H.

31. The Security National Policy further provides, in relevant part, as follows:

**SECTION VIII. DEFENSE EXPENSES AND SETTLEMENTS**

A. The Insurer shall have no obligation to defend any **claim** but shall pay, on the condition that it has given its written consent, the reasonable **defense expenses** incurred by the **insured persons** or the **company** in the defense of a **claim** that is covered under this policy. **Defense expenses** are part of **loss** and are subject to the other provisions of this policy governing payment by the Insurer of **loss**.

*See* Exhibit H.

6

Case 3:12-cv-00582-TAV-HBG   Document 1   Filed 11/08/12   Page 6 of 9   PageID #: 6

## COUNT I – DECLARATORY JUDGMENT

32. Security National re-alleges and re-asserts the averments contained within paragraphs 1 through 31 above, as if each and every such averment were set forth in full herein.

33. Any **claim** made in Creative Concepts' Counter-Complaint against Home Federal filed in connection with the Underlying Action is based upon, arises out of, relates to, is in consequence of, or in some way involves a fact, circumstance or situation that was the subject of Home Federal's August 24, 2011 notice to BancInsure.

34. Home Federal's August 24, 2011 notice to BancInsure constituted notice under a policy of insurance in effect prior to the effective date of the Security National Policy.

35. Therefore, any coverage that might otherwise be afforded under the Security National Policy is barred under Exclusion A.11. to the Security National Policy.

36. Thus, Security National is under no obligation to: (a) pay **defense expenses** incurred by Home Federal in connection with the Counter-Complaint filed in the Underlying Action; (b) indemnify Home Federal for any judgment entered or settlement reached in connection with the Counter-Complaint filed in the Underlying Action; or (c) provide any other benefits to which Home Federal might otherwise purportedly be entitled under the Security National Policy in connection with the Underlying Action.

WHEREFORE, the Plaintiff, SECURITY NATIONAL INSURANCE COMPANY prays this Honorable Court for an Order which:

A. Adjudicates and declares the rights of the parties hereto under the Security National Policy;

B. Finds and declares that Security National is under no obligation to pay **defense expenses** as that term is defined by the Security National Policy to Home Federal in connection with the Counter-Complaint filed in the Underlying Action;

C. Finds and declares that Security National is under no obligation to indemnify Home Federal for any judgment entered or settlement reached in connection with the Counter-Complaint filed in the Underlying Action;

D. Finds and declares that Security National is under no obligation to provide any other benefits to which Home Federal might otherwise purportedly be entitled under the Security National Policy;

E. Finds and declares that Security National is under no obligation to pay any proceeds of the Security National Policy to Creative Concepts as a result of any judgment entered against Home Federal in connection with the Underlying Action;

F. Finds and declares that Security National is under no obligation to pay any proceeds of the Security National Policy to Creative Concepts as a result of any settlement reached in connection with the Underlying Action under which Home Federal must make any payment to Creative Concepts;

G. Finds and declares that BancInsure is bound by the findings and declarations of this Court as prayed for above; and

H. Grants Security National any and all further relief that this Honorable Court may deem equitable and just.

Respectfully submitted,

/s/ William R. Meyer
William R. Meyer, No. 18130
Howard, Tate, Sowell, Wilson, Leathers &
 Johnson, PLLC
150 Second Avenue North, Suite 201
Nashville, Tennessee 37201
(615) 256-1125
(615) 244-5467 (fax)
wrmeyer@howardtatelaw.com

Of Counsel:
Edward F. Ruberry
R.J. Smyk
Ruberry, Stalmack & Garvey, LLC
Citicorp Center, Suite 2300
500 West Madison Street
Chicago, Illinois 60661
(312) 466-8050
(312) 466-8055 (fax)
ed.ruberry@rsg-law.com
ross.smyk@rsg-law.com

9

Case 3:12-cv-00582-TAV-HBG   Document 1   Filed 11/08/12   Page 9 of 9   PageID #: 9